IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NO. PD 1559-03






RONNIE JOE NEAL, Appellant



v.



THE STATE OF TEXAS






ON DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS,


RUSK COUNTY






 Womack, J., filed a dissenting opinion, in which Price and Johnson, JJ.,
joined.



 The court concludes, "Because appellant never presented his prosecutorial
vindictiveness claim in the trial court, he failed to preserve this issue for appellate
review." (1) This conclusion rests on three bases: "The claim was [1] not timely, (2)  [2] not
specific, (3)  [and 3] not ruled on by the trial court." (4)

 As I read the record, the opposite is true. The appellant's prosecutorial-vindictiveness claim in the trial court was timely, specific, and ruled on. It was not the
claim that this court discusses.

 The claim that this court discusses is one that calls for dismissal of a subsequent
prosecution on the basis of prosecutorial vindictiveness. The appellant's claim did not call
for dismissal. It asked that punishment be limited to that which the State had agreed to
recommend before he sued the sheriff's deputies for their violations of his civil rights.
The court relegates it to a footnote in the opinion, but the reader who looks for it will find
it quoted verbatim. Edited to its essence, it was:

 Now  the law is supposed to do justice.  At one time, me and the
Prosecutor in this case were on the same line with Ronnie Joe Neal as to
what justice was in this case, and that was two years in the state penitentiary. 

  But then when the federal lawsuit is heard, all at once justice
should be 2 to 20 years. Not 2 years, but anywhere between 2 and 20 years.

 That is not justice. That is punishing a man for filing suit on
violation of his civil rights and not punishing for any criminal things he had
done. And that ain't justice, Judge. In no sense of the word is that justice.
Now,  punish him with the two years that everybody thought was right. (5)


 This court's opinion says that "never  did he request the same relief at trial --
dismissal of the indictment -- that he requested on appeal." (6) It fails to say that the
appellant's brief in the court of appeals also sought the relief that he did request in the
trial court: "In the alternative, the Defendant requests that the judgment of the trial court
be reversed and remanded for a new trial, or the original indictment be reinstated, [and]
the plea agreement for two years indictment be enforced ." (7) The appellant made such a
request to the trial court, and this court's opinion has quoted it.

 The request was timely, because it was made before the assessment of punishment.

 The request was quite specific. This court says, "Appellant never uttered the words
'prosecutorial vindictiveness' at trial." (8) But he made his due-process claim in terms that
were specific and powerful (if somewhat folksy). They closely resemble the language in
another footnote of this court's opinion: "To punish a person because he has done what
the law plainly allows him to do is a due process violation of the most basic sort, and for
an agent of the State to pursue a course of action, whose objective is to penalize a
person's reliance on his legal rights is 'patently unconstitutional.'" (9) 

 The request was ruled on when, by assessing a punishment of six years, the trial
court refused to limit the punishment to two years.

 The appellant muddied the water on appeal by advancing an additional request for
dismissal of the prosecution. This request was not presented to the trial court. I agree with
this court that the request for dismissal may not be made for the first time on appeal. As
the court's opinion says, such a claim must be brought before trial. (10) I agree that the court
of appeals should not have sustained that claim.

 I do not agree that the court of appeals or this court may ignore the claim that the
appellant did make. I would vacate the judgment of the court of appeals and remand the
case to that court for reconsideration of the appellant's claim.


En banc.

Filed November 17, 2004.

Publish.
1. Ante, at 18.
2. Id., at 11.
3. Id., at 13.
4. Id., at 15.
5. See id., at 14 n.31.
6. Id., at 14.
7. Brief, at 14.
8. Ante, at 14.
9. See id., at 5 n.6 (quoting Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978), as this
court quoted it in Castleberry v. State, 704 S.W.2d 21, 24 (1984)).
10. See id., at 11-12.